UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

JEREMY JAMES COPPAGE,                          Civil No. 13-1901 (SRN/AJB)

        Petitioner,

   v.                                    **REPORT AND RECOMMENDATION**

STEVE HAMMER,

        Respondent.

This matter is before the undersigned United States Magistrate Judge on Petitioner's

application for a writ of habeas corpus under 28 U.S.C. § 2254. The case has been

referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local

Rule 72.1. For the reasons discussed below, the Court finds that Petitioner's habeas

corpus petition is barred by the statute of limitations prescribed by 28 U.S.C. § 2244(d)(1).

The Court will therefore recommend that this action be summarily dismissed with prejudice

pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District

Courts.[1]

**I. BACKGROUND**

Petitioner is an inmate at the Minnesota Correctional Facility in Rush City,

Minnesota. He is currently serving a 180-month prison sentence, which was imposed by

the state district court for Hennepin County, Minnesota, in October 2005. (Petition, [Docket

No. 1], p. 1, §§ 1-3.)

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached
exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss
the petition and direct the clerk to notify the petitioner."

Petitioner was sentenced after entering an "Alford guilty plea[2]" to charges of first-degree attempted murder. Following that plea, other charges against Petitioner were dismissed, and he was given "a stayed sentence of 180 months and five years' probation, with conditions including 365 days in the workhouse." Coppage v. State, No. A08-1842 (Minn.App. 2009), 2009 WL 2591639 (unpublished opinion) at *1, rev. denied, Nov. 17, 2009.

In July 2006, the state sought to have Petitioner's probation revoked. After Petitioner admitted that he had violated the terms of his probation, he was sentenced to an additional year in the workhouse. Id. In August 2007, the state again sought to have Petitioner's probation revoked based on allegations of further criminal conduct. A second probation-revocation hearing was held, and at the conclusion of the hearing Petitioner's "probation was revoked and the remaining time on his 180-month sentence was executed." Id.

On May 15, 2008, Petitioner filed a post-conviction motion in the state trial court, seeking to withdraw his guilty plea, because the trial court allegedly had "improperly injected itself into the plea negotiations." Id. The post-conviction motion was denied, and Petitioner appealed. The Minnesota Court of Appeals upheld the trial court's ruling. Id. at *3 ("[h]aving carefully reviewed the entire record, we cannot conclude that the postconviction court abused its discretion by finding that the district court did not improperly inject itself into plea negotiations and deny [Petitioner's] request to withdraw his guilty plea"). The Minnesota Supreme Court denied Petitioner's subsequent application for

---

[2] See North Carolina v. Alford, 400 U.S. 25 (1970).

further review.

After Petitioner's first post-conviction motion was denied, he filed three more post-

convictions, which the Minnesota Court of Appeals has described as follows:

> "In 2010, [Petitioner] filed his second postconviction petition, arguing that he
> could not be convicted of an intentional crime because a drive-by shooting
> is a crime of recklessness. That petition was also denied by the district court
> as Knaffla-barred because the petitioner could have raised the argument in
> his prior petition but did not do so. See State v. Knaffla, 309 Minn. 246, 252,
> 243 N.W.2d 737, 741 (1976) (concluding that claims not previously raised but
> that were available to the petitioner are not to be considered). Not deterred,
> [Petitioner] filed his third postconviction petition in 2011, this time alleging that
> he received ineffective assistance of trial and appellate counsel for failing to
> raise the arguments he raised in his second postconviction petition. That
> petition was also denied as Knaffla-barred and as time-barred under the
> two-year statutory time limit provided by Minn.Stat. § 590.01, subd. 4
> (2010).... [I]n his fourth petition, [Petitioner]... raised essentially the same
> arguments that he raised in his previous petitions."

Coppage v. State, No. A12-1384 (Minn.App. 2013), 2013 WL 1188012 (unpublished

opinion) at *1. The state trial court summarily denied Petitioner's most recent post-

conviction motion, (his fourth such motion), and he then filed another appeal. Id. The

Minnesota Court of Appeals found that the claims presented in Petitioner's latest post-

conviction motion were procedurally barred, because (a) Petitioner failed to raise them in

his initial post-conviction motion, and (b) the claims were not presented within the two-year

limitation period prescribed by Minnesota law. Id. at *2. The Minnesota Supreme Court

denied Petitioner's request for further review on June 18, 2013.

Petitioner's current federal habeas corpus petition was filed on July 16, 2013. The

petition presents two grounds for relief, both challenging the validity of the Alford guilty plea

that Petitioner entered back in October 2005. Petitioner has summarized his two habeas

corpus claims as follows:

(1) "Violation of Fourteenth Amendment right to Due Process Clause. Petitioner was not aware of the constitutional rights he waived by pleading guilty, and was not ask [sic] to testify at the plea hearing to establish intent or any factual basis for the plea."

(2) "The plea is invalid, because intent was not known to petitioner at the time of plea. Petitioner never testified that he intended or had the intent to kill the victim. And in fact was not explained to him that it was a critical element of his charge, and the record does not show that he understood his charges."

(Petition, pp. 6 and 8.)

Petitioner obviously is challenging the validity of the guilty plea that he entered back in October 2005. However, the Court finds that Petitioner's current habeas corpus claims cannot be addressed on the merits here, because this action is barred by the one-year statute of limitations that applies to federal habeas corpus petitions filed by state prisoners.

## II. DISCUSSION

28 U.S.C. § 2244(d) establishes a one-year statute of limitations for habeas corpus petitions filed by state prison inmates. The statute provides as follows:

"**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

4

**(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing in Petitioner's submissions which suggests that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable.  In other words, there is no suggestion that the State created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period, nor is there any suggestion that Petitioner's current claims are based on any new constitutional rule, or any new evidence that could extend the deadline for seeking federal habeas corpus relief.

Thus, the Court finds that the one-year limitation period began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."  Petitioner is challenging the judgment that decreed his conviction and sentence, which was entered in October 2005.[3]  Because Petitioner did not pursue a direct appeal, that judgment

---

[3] Both of Petitioner's current claims for relief challenge the legality of the Alford guilty plea that he entered in October 2005.  He is <u>not</u> challenging the subsequent proceedings that caused his probation to be revoked. Therefore, the judgment at issue in this case is the original 2005 judgment that effectuated Petitioner's conviction and sentence, and the federal habeas statute of limitations began to run when that judgment became final.  See <u>Caldwell v. Dretke</u>, 429 F.3d 521, 530 (5th Cir. 2005) ("because a judgment imposing probation is a final judgment within the plain meaning of AEDPA section 2244, the one-year statute of limitations for challenging substantive issues relating to a judgment of jury verdict of guilt and probation, began to run when the judgment imposing probation became final"), <u>cert</u>. <u>denied</u>, 549 U.S. 993 (2006).  As explained in <u>Wright v. Florida</u>, NO. 8:06CV1704T27EAJ, (M.D.Fla. 2008), 2008 WL 1986184 at *4:

"Petitioner's single claim is directed to his original conviction, not his probation revocation.  Accordingly, the AEDPA's one year statute of limitations began to run when his original conviction became final.  His probation revocation did not resurrect, toll or otherwise extend the one year limitation period."  **[Continued....]**

became final, for statute of limitation purposes, upon "the expiration of the time for seeking

such review." 28 U.S.C. § 2244(d)(1)(A). According to the Minnesota Rules of Criminal

Procedure, "[i]n felony and gross misdemeanor cases, an appeal by the defendant must

be filed within 90 days after final judgment or entry of the order being appealed."

Minn.R.Crim.P. 28.02, subd. 4(3)(a). Thus, the deadline for seeking direct appellate review

of Petitioner's conviction and sentence expired in January 2006, (90 days after entry of the

judgment of conviction and sentence), and that is when the one-year statute of limitations

began to run in this case. The deadline for seeking federal habeas corpus relief expired

one year later, in January 2007. Petitioner did not file his current petition, however, until

July of 2013 -- more than six years after the limitations period had expired.

The Court recognizes that the habeas corpus statute of limitations is tolled pursuant

to § 2244(d)(2) when a prisoner files a state post-conviction motion, or otherwise seeks

collateral relief, in a procedurally proper state court proceeding. The statute remains tolled

during the entire period of time that such collateral proceedings continue to be pending in

any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84

(8th Cir. 1999).

However, the tolling provisions of § 2244(d)(2) cannot aid Petitioner here, because

the statute of limitations had already expired before he filed his first post-conviction motion

---

See also Drew v. Prosper, No. 06CV1379DMS(WMC) (S.D.Cal. 2007), 2007 WL 628029
at *3 ("[u]nder 28 U.S.C. § 2244(d)(1)(A) the one-year statute of limitations for challenging
any substantive issues relating to a trial court judgment imposing probation begins to run
when the judgment imposing probation becomes final.... [a]ny claim arising from the
revocation of probation, however, begins to run when the judgment that revoked the
petitioner's probation becomes final") (citations omitted).

in the trial court. The statute of limitations expired in January 2007, and Petitioner did not file his first post-conviction motion until May 2008. Thus, the federal statute of limitations had already expired more than a year before the first post-conviction motion was filed. See Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("by the time [petitioner] filed his state court application [for post-conviction relief]... there was no federal limitations period remaining to toll, and the petition was properly dismissed as time-barred"). In short, the tolling provision cannot save the present petition from being time-barred, because "[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired." Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006). See also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000); Bogan v. Moore, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief").

Petitioner may believe that his various state post-conviction motions did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitations period that did not begin to run until all of his state post-conviction proceedings were fully complete. That, however, is simply not the case. "Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted). Again, once the statute of limitations expired in this case, in January 2007, it could not thereafter be restarted by any of Petitioner's subsequent post-conviction motions.

Finally, the Court has considered whether the doctrine of "equitable tolling" could save this action from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003). See also Holland v. Florida, 130 S.Ct. 2549, 2560 (2010) ("like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases").

However, the Eighth Circuit Court of Appeals has made it very clear that equitable tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). See also White v. Dingle, 616 F.3d 844, 847 (8th Cir. 2010) ("[u]nder the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way"). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Jihad, 267 F.3d at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline. Id.

In this case, Petitioner has not requested equitable tolling, and there is nothing in his submissions which suggests that he could possibly be eligible for equitable tolling. It appears that in this case, as in <u>Baker</u>, Petitioner simply was not "diligent in acting to protect his right to federal habeas review of his conviction." 321 F.3d at 772. Therefore, the tardiness of this action cannot be excused based on equitable tolling.

## III. CONCLUSION

For the reasons discussed above, the Court finds that this action is untimely. The state court judgment that Petitioner is challenging became "final" for purposes of § 2244(d)(1)(A), and the one-year statute of limitations began to run, when the deadline for filing a direct appeal expired in January 2006. The statute of limitations expired one year later, in January 2007, but Petitioner did not file his current federal habeas corpus petition until more than six years thereafter. Furthermore, the tolling provision of § 2244(d)(2) cannot help Petitioner in this case, because he did not file his first state post-conviction motion until May 2008, by which time the federal statute of limitations had already expired. Petitioner has not requested equitable tolling, and the Court can find no reason to believe that equitable tolling could be applicable here. Thus, the Court concludes that Petitioner's current § 2254 habeas corpus petition is time-barred, and this action must be dismissed with prejudice pursuant to Rule 4 of the Governing Rules.[4]

---

[4] Even if this case were not time-barred, the claims that petitioner is attempting to bring here would have to be summarily dismissed based on the doctrine of procedural default. It is readily apparent that the Minnesota state courts refused to address Petitioner's current claims on the merits, because those claims had not been presented in accordance with Minnesota's procedural requirements. <u>See</u> <u>Coppage</u>, 2013 WL 1188012 at *2, (discussed at p. 3, <u>supra</u>). Therefore, those claims are procedurally defaulted for federal habeas purposes, and they could not be entertained here without a showing of "cause and prejudice" or "a fundamental miscarriage of justice," (which Petitioner has not

9

Having determined that this action must be summarily dismissed, the Court will further recommend that Petitioner's pending application to proceed in forma pauperis, (IFP), be denied.  See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV.  CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA").  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here.  Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review.  It is therefore recommended that Petitioner should not be granted a COA in this matter.

---

accomplished).  See Coleman v. Thompson, 501 U.S. 722, 750 (1991) ("[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violations of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice").

## V. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. Petitioner's application to proceed in forma pauperis, (Docket No. 3), be **DENIED**;

3. This action be **DISMISSED WITH PREJUDICE**; and

4. Petitioner should **NOT** be granted a Certificate of Appealability.

Dated: July __29__, 2013

                          __s\Arthur J. Boylan__
                          ARTHUR J. BOYLAN
                          Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before August 13, 2013.